# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | |
|---|---|
| SARAH PEITZ § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:21-cv-00023 |
| § | |
| REPUBLIC SERVICES, INC., § | JURY DEMANDED |
| *Defendant* § | |
| § | |
| § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

Plaintiff Sarah Peitz ("Plaintiff" or "Ms. Peitz") in the above-referenced matter, complaining of and about Defendant Republic Services, Inc. (hereinafter referred to as "Republic" or "Defendant"), and for cause of action file this Original Complaint, showing to the Court the following:

## I.
## PARTIES

1. Plaintiff Sarah Peitz is an individual residing in Texas.

2. Defendant is a foreign for-profit corporation organized and existing under the laws of the State of Arizona. It is authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136.

## II.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. section 1331, as Plaintiffs' causes of action arise under a federal statute: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a).

4. Additionally, pursuant to 28 U.S.C. Section 1367, this Court has supplemental jurisdiction over Plaintiffs' claims arising under Texas law because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

5. Venue is proper in the U.S. Western District of Texas–Pecos Division pursuant to 28 U.S.C. Section 1391(a), because this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred.

## III.
## NATURE OF THE ACTION

6. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiffs allege that they were discriminated against on the basis of sex, an activity protected by Title VII.

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On November 2, 2020, Plaintiff, filed a Charge of Discrimination (Charge No. 451-2021-00299) with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission – Civil Rights Division against Defendant alleging sex discrimination. A copy of Plaintiffs' EEOC Charge is attached hereto as Exhibit A.

8. Subsequently, on January 28, 2021, the EEOC issued Plaintiffs their Notice of

Right to Sue. Plaintiffs file this lawsuit within ninety (90) days of receiving the Notice from the EEOC. Therefore, Plaintiffs' lawsuit is timely filed. A copy of the Right to Sue notice is attached hereto as Exhibit B.

## V.
## FACTS

9. Plaintiff began her employment with Defendant on February 6, 2017 as a dispatcher. On October 10, 2017 Ms. Peitz was promoted by Will Lunch, general manager to Operations Supervisor. On April 15, 2019 after admirably performing, she was again promoted to Operations Manager by Michael Barrett, general manager. Notably, she contributed meaningfully in her role(s) as evidence from promotions and subsequent responsibilities. Moreover, she had no disciplinary record until the discriminatory actions of Chad Page.

10. On or about April 15, 2020, Republic Services experienced a reduction-in-force and reassignment of responsibilities to cover the lost workforce. In the reshuffle, Ms. Peitz was assigned a new responsibility that led to her relocation to Pecos, Texas. The newly assigned RIF responsibilities included Landfill, TRD Site Operations Manager, Hydro-Vac Manager and 3rd Party Trucking Manager.

11. After this reassignment, beginning on May 11, 2020, a demoted employee (Chad Page – Landfill operator) began to spread discriminatory statements based on Ms. Peitz's sex (female). Specifically, on at least three (3) known occasions, Mr. Page made discriminatory statements about her and her inability to qualify for her job because of her sex. These statements were heard by witnesses with personal knowledge, Ms. Beatriz Madrid and Mr. Oscar Lopez-Velarde.

12. On or about May 18, 2020, Ms. Peitz notified the General Manager Mr. Matt King about Chad Page's discriminatory remarks about her sex and qualifications for her assigned

responsibilities. In response to her protected complaint, Mr. King dismissed her concern and advised her not to worry, as its normal when new roles are assumed.

13. On or about May 21, 2020, Human Resources Keshea Madison placed Ms. Peitz on suspension pending an investigation of complaints reported by Chad Page.

14. While on suspension awaiting the results of the investigation, Ms. Peitz was notified that Chad Page was persisting in bad mouthing her because he believed that she could not possibly be qualified because of her sex. Beatriz Madrid has personal knowledge of these statements and efforts taken by Mr. Page in a campaign for Ms. Peitz's termination.

15. On June 2, 2020, Matt King, general manager and Keshea Madison, human resources representative, notified Ms. Peitz that she should return all company property, with no reason for the termination nor the results of the investigation which was prompted by unlawful discrimination.

16. After being terminated without reason, Ms. Peitz discovered through former co-workers Mr. William Cash and Ms. Beatriz Madrid that she was allegedly terminated for "authorizing a truck into the facility.".

17. However, another male employee William Cash, Operations Supervisor committed the same action, yet was not disciplined, unlike Ms. Peitz allegedly resulting in her termination.

18. After her protected complaint to Mr. King, Republic Services took no further action to address the discriminatory campaign launched by Chad Page. Instead, Republic Services ratified the unlawful sex discrimination by seeking to terminate Ms. Peitz's job, while allowing other male violators, William Cash among others, to continue working without penalty. Ms. Peitz was subjected to sexual harassment and discrimination in violation of the Texas Labor Code and Title VII of the Civil Rights Act of 1963.

## VI. CAUSES OF ACTION

### 1. GENDER (SEX) DISCRIMINATION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E-2(A)

19. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

20. Plaintiff is a female, which, in the situation described above and for the purposes of Title VII, makes her a member of a protected class.

21. Plaintiff was clearly qualified for her position at Republic Services, which the absence of any disciplinary or similar record will show.

22. Plaintiff was terminated by Defendant without cause, which is an ultimate form of an adverse employment action an employee could face.

23. Plaintiff was treated differently from male employees of Republic because of her sex, as no male employee of Defendant working in a position similar to that of Plaintiff was subjected to either harassment in the workplace at the hands of Chad Page or to termination for being a female.

24. No action was ever taken against Mr. Page by Defendant to remedy or stop Mr. Page's harassing behavior towards Plaintiff.

25. As such, Defendant discriminated against Plaintiff on the basis of sex by taking an adverse employment action against her, which action was never taken against similarly situated non-members of Plaintiff's protected class.

### 2. GENDER (SEX) DISCRIMINATION UNDER CH.21 OF TEXAS LABOR CODE

26. Plaintiff incorporates by reference the allegations contained in above paragraphs, as if fully rewritten herein.

27. Defendant intentionally engage in unlawful employment practices against Plaintiff on the basis of her gender (sex) in violation of Section 21.051 of the Texas Labor Code.

28. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affects her status because of the Plaintiff's gender (sex) in violation of Section 21.051 of the Texas Labor Code.

29. Defendant discriminated against Plaintiff in the form of differential treatment in regard to the process and procedures of company operations regarding opposite sexes (female versus male).

30. Defendant discriminated against Plaintiff in the form of discrimination and termination based on her gender (sex).

## VII.
## JURY DEMAND

31. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## VIII.
## ATTORNEY'S FEES

32. Plaintiff seeks reasonable and necessary attorney's fees for her sex discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

## PRAYER

For these reasons, Plaintiff Sarah Peitz prays that Defendant Republic Services be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for the following:

a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b. Compensatory damages, including, but not limited to, emotional distress;

c. Past, present, and future physical pain and mental suffering;

d. Punitive damages;

e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court; and

i. Any other relief to which Plaintiff may be entitled at law or in equity, which the Court may deem fair and just to award to Plaintiff.

Respectfully submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: (713) 742-0900
Fax: (832) 558-9412
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL**
Cristabel Jimenez
Texas Bar No. 24096165
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: (713) 742-0900
Fax: (832) 558-9412
Cristabel.jimenez@kennardlaw.com